# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

    **Plaintiff,**

    **v.**

**FRANKLIN COUNTY SHERIFF'S OFFICE
CENTER 1 MAIN JAIL,** *et al.,*

    **Defendants.**

Civil Action 2:17-cv-581
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Rico Isaih Hairston, an inmate at the Franklin County Jail who is proceeding without the assistance of counsel, brings this action against the Franklin County Sheriff's Office Center 1 Main Jail; Deputy Burke, who works in the mail room at the jail; Sergeant McDowell, who supervises Defendant Burke; and Major P. Bryant, the jail's facility commander. Plaintiff asserts that Defendants violated his legal mail rights as guaranteed by the United States Constitution when Defendant Burke opened mail sent from the United States District Court and addressed to Plaintiff outside his presence on three occasions in May and June of 2017.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned

**RECOMMENDS** that the Court **DISMISS** Defendants McDowell and Bryant from this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of $1.32 in his prison account as of June 23, 2017. That amount is insufficient to pay the full filing fee. An authorized officer at the Franklin County Jail submitted a certificate in related case 2:17-cv-581 indicating that Plaintiff's average monthly deposits for the six-month period prior to August 8, 2017, were $90.25.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at Franklin County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

---

[1]Formerly 28 U.S.C. § 1915(d).

upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff alleges that, in May and June of 2017, Defendant Burke opened mail from the United States District Court addressed to Plaintiff outside of Plaintiff's presence in violation of the First Amendment to the United States Constitution. He alleges that Defendants McDowell and Bryant are liable, under 42 U.S.C. § 1983, as Defendant Burke's supervisor and the jail's facility commander. The only personal involvement in the alleged constitutional violations by Defendants McDowell and Bryant that Plaintiff alleges is Defendant McDowell's denial of a grievance.

Government officials may not be held liable under § 1983 for the constitutional violations of their subordinates on a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In addition, "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.), *cert. denied*, 514 U.S. 72 (1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Because Plaintiff has not alleged personal involvement by Defendants McDowell and Bryant in the opening of his legal mail and his only allegation of personal involvement relates to his dissatisfaction with a grievance outcome, he cannot maintain his claim against Defendants McDowell and Bryant.

**III.**

In sum, because Plaintiff has failed to state a claim upon which relief may be granted against Defendants McDowell and Bryant, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claim against them pursuant to § 1915(e)(2).

For the reasons set forth above, Plaintiff Hairston's Motion for Leave to Proceed *In Forma Pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this Order and Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

Plaintiff **MAY PROCEED** on his First Amendment legal mail claim against Defendant Franklin County Sheriff's Office Center Main 1 Jail and Defendant Burke. Plaintiff's Motion for the Court to Make Service Copies of the Complaint (ECF No. 2) is hereby **GRANTED**. The Court **DIRECTS** the United States Marshal to serve by certified mail upon Defendants Franklin County Sheriff's Office Center Main 1 Jail and Burke a copy of the Complaint and a copy of this Order. Plaintiff's Motion to Grant *In Forma Pauperis* Status and to Serve Summons and Complaint (ECF No. 23), as well as his Motion for Prospective Relief (ECF No. 28), are **MOOT** because all of the relief that Plaintiff requests in those Motions are either granted or rendered moot by this Order.

Both Defendants are **ORDERED** to answer or otherwise respond to the Complaint and to Plaintiff's Motion for Summary Judgment (ECF No. 9) within 45 days after being served with a copy of the Complaint and summons. Plaintiff's Motion for Default Judgment (ECF No. 20) is

hereby **DENIED** as premature given that Defendants have not yet been served, and his motion to appoint counsel for the purposes of settlement negotiations (ECF No. 8) is **DENIED WITHOUT PREJUDICE** to renewal at an appropriate stage of this litigation.

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

     /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE