# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

    **Plaintiff,**

    **v.**
           Civil Action 2:17-cv-581
           Chief Judge Edmund A. Sargus, Jr.
           Magistrate Judge Chelsey M. Vascura

**FRANKLIN COUNTY SHERIFF'S OFFICE CENTER MAIN JAIL 1,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Rico Isaih Hairston, moves the Court for a temporary restraining order and preliminary injunction (ECF No. 43) and entry of default against both remaining Defendants (ECF No. 47). For the reasons that follow, the application for entry of default is **STRICKEN**, and the undersigned **RECOMMENDS** that the motion for temporary restraining order and preliminary injunction be **DENIED**.

The remaining Defendants were served with summons and copies of the Complaint in this action on January 4, 2018 (*see* ECF Nos. 44, 45). The Court afforded Defendants 45 days from the date of service to answer the Complaint (*see* ECF No. 36, adopted by ECF No. 39); therefore, their answers were due on or before February 20, 2018. Plaintiff filed his application for entry of default prematurely on January 25, 2018. His application (ECF No. 47) and the declaration in support of the application (ECF No. 49) are hereby **STRICKEN**. This Order does not preclude Plaintiff from seeking entries of default in the event that Defendants have not answered the Complaint within the time allotted by the Court.

In support of his motion for temporary restraining order and preliminary injunction, which Plaintiff has styled as an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, Plaintiff alleges conduct by various officials and employees of the Franklin County Sheriff's Office Center Main Jail 1to segregate Plaintiff, deprive him of the use of the law library, force him to wear shackles and handcuffs, record him, and otherwise harass him. The undersigned observes that none of that alleged conduct relates to the claims in this action.

The Court may not grant the relief that Plaintiff Hairston requests. As the United States Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Thus, a district court does not have the authority to issue injunctive relief on the basis of claimed injuries or actions that are unrelated to the allegations in the movant's complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010).

In any event, after Plaintiff filed the motion for equitable relief, he advised the Court of a change of address (*see* ECF No. 48). Because Plaintiff is no longer housed at the Franklin County Sheriff's Office Center Main Jail 1, his motion is also moot. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's

request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same).

For those reasons, the undersigned **RECOMMENDS** that the motion for temporary restraining order and preliminary injunction (ECF No. 43) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE