# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

      **Plaintiff,**

                                        **Civil Action 2:17-cv-581**

      **v.**                                **Chief Judge Edmund A. Sargus, Jr.**

                                        **Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY SHERIFF'S OFFICE**
**CENTER MAIN JAIL 1,** *et al.,*

      **Defendants.**

## REPORT & RECOMMENDATION

Plaintiff, Rico Isaih Hairston, who is proceeding without the assistance of counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Franklin County Sheriff's Office Center Main Jail 1 and three county employees. By Order dated December 21, 2017, the Court dismissed all of Plaintiff's claims with the exception of his claim against Franklin County Sheriff's Office Center Main Jail 1 and Defendant Burke based upon allegations that, in May and June of 2017, Defendant Burke opened mail from the United States District Court addressed to Plaintiff outside of Plaintiff's presence in violation of the First Amendment to the United States Constitution.

The Franklin County Sheriff's Office Center Main Jail 1 and Defendant Burke were served with summons and copies of the Complaint on January 4, 2018. (*See* ECF Nos. 44, 45.) The Court afforded Defendants 45 days from the date of service to answer the Complaint (*see* ECF No. 36, adopted by ECF No. 39); therefore, their answers were due on or before February 20, 2018. Neither Defendant answered or otherwise responded to the Complaint within the time

allotted, and on February 26, 2018, the Clerk entered default. (ECF No. 52.) Plaintiff then filed

a Motion for Default Judgment against Franklin County Sheriff's Office Center Main Jail 1 and

Defendant Burke. (ECF No. 53.)

## A.  Defendants' Liability

As parties in default, Franklin County Sheriff's Office Center Main Jail 1 and Defendant

Burke are deemed to have admitted all of the well-pleaded allegations in Plaintiff's Complaint.

*Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Const.*

*v. U.S. Fid. and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *cf.* Fed. R. Civ. P. 8(b)(6) ("An

allegation—other than one relating to the amount of damages—is admitted if a responsive

pleading is required and the allegation is not denied."); *LaSalle Bank Nat'l Ass'n v. Appleton*,

No. 1:07-CV-175, 2007 WL 2344708, at *2 (S.D. Ohio Aug. 15, 2007) ("Once the default has

been entered, the well-pleaded facts of the complaint relating to liability must be accepted as

true.").  Thus, "the Court accepts as true the well-pled factual allegations of [the] complaint,

draws reasonable inferences from those allegations in [the plaintiff's] favor, and then asks

whether [the plaintiff] has stated a claim upon which relief may be granted." *Ayers v.*

*Receivables Performance Mgmt., L.L.C.*, No. 2:15-CV-12082, 2016 WL 5402962, at *3 (E.D.

Mich. Sept. 28, 2016) (citing *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d

402, 410 (6th Cir. 2010), *cert. denied*, 563 U.S. 936 (2011)).  The Court must, therefore,

determine whether Plaintiff's allegations, accepted as true and construed in Plaintiff's favor,

entitle him to relief against either Defendant.

"A prisoner's right to receive mail is protected by the First Amendment . . . ." *Sallier v.*

*Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).  The protection is heightened when the incoming mail

is legal mail. *Id.* at 874.  Prison officials may open and inspect a prisoner's "legal mail" only in

the presence of the prisoner "in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonald*, 418 U.S. 539 (1974)). Prison policy or other regulations may, therefore, prohibit the opening of legal mail outside the presence of the prisoner. In the alternative, the Sixth Circuit Court of Appeals has approved an opt-in system in which prison officials may open any mail outside a prisoner's presence unless the prisoner has affirmatively requested that mail sent by a court or counsel be opened only in the prisoner's presence. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993). The Court approved that system as a way to balance the prison's needs against the prisoner's rights but stressed that an opt-in system would be constitutionally sound only if prisoners received written notice of the policy. *Sallier*, 343 F.3d at 874. Accordingly, when a prison official is on notice, either by virtue of prison policy or regulation *or* prisoner request, the official may not open legal mail outside the prisoner's presence. "[M]ail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise" or when prison policy or regulation provides the same protection to all prisoners in a facility or system. *See id.* at 877.

Government officials who perform discretionary functions are generally shielded from liability for damages so long as their conduct does not violate a constitutional or statutory right that was "clearly-established" and "of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In determining whether a constitutional right is clearly established at the time of the actions in question, the Court must "'look first to the decisions of the Supreme Court, then to decisions of [the Court of Appeals] and other courts within our circuit, and finally to decisions in other circuits.'" *Sallier*, 343 F.3d at 878 (quoting *Buckner v. Kilgore*, 36 F.3d 536, 539 (6th Cir. 1994)).

A governmental entity cannot be held responsible for a constitutional deprivation by its employee or official unless the deprivation is directly causally linked to a governmental policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). "A court's task is to identify those who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the violation." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784-85 (1997). Nevertheless, "an act performed pursuant to a 'custom' that ha[s] not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryant Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). To establish governmental liability under the widespread-practice theory, however, the "custom must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cty., Tenn.*, 103 F.3d 495, 507-08 (6th Cir. 1996).

Construing the allegations in Plaintiff's Complaint and the attachments thereto as though they had been admitted, the undersigned concludes that Plaintiff is entitled to judgment as to liability against Defendant Burke on his claim that she violated rights guaranteed by the First Amendment when she opened mail from this Court addressed to Plaintiff on three occasions in May and June 2017. Jail policy prohibited the opening of incoming mail from courts outside the presence of the prisoner to whom it was addressed. Defendant Burke was, therefore, on notice of the requirement that she refrain from opening mail from a court outside the presence of the prisoner. Although the prison's policy was different from the opt-in policies discussed by the Court of Appeals in *Knop* and *Sallier* in that it provided protection with respect to incoming mail from courts without the prisoner having to affirmatively request it, the First Amendment

protection identified in those cases applies equally here because the policy itself took the place of

an affirmative request and obviated the requirement that the prisoner make an affirmative

request. Defendant Burke, thus, violated Plaintiff's First Amendment right when she opened

mail from this Court addressed to Plaintiff on three occasions in May and June 2017. *See, e.g.,*

*Sallier*, 343 F.3d at 877.

The undersigned finds that Defendant Burke is not entitled to qualified immunity because

the constitutional protection for incoming mail from courts was well-established after the Court

of Appeals issued its 2003 decision in *Sallier*. Defendant Burke acted unreasonably in light of

that well-established constitutional principle by opening Plaintiff's mail from this Court outside

his presence. Indeed, Plaintiff internally grieved Defendant Burke's violations of the prison

policy, and his grievance was upheld in the sense that the facility commander found that the legal

mail in question was opened outside Plaintiff's presence in error. Defendant Burke is not,

therefore, entitled to qualified immunity.

The question of the Franklin County Sheriff's Office Main Jail 1's liability is more

difficult to resolve on the basis of only Plaintiff's allegations. Plaintiff stated a colorable claim

against the governmental defendant by alleging the First Amendment violations by Defendant

Burke and a "policy of . . . deliberate indifference [and] causation." Jail policy prohibited the

opening of legal mail outside the presence of a prisoner, however, and Plaintiff's allegations, by

themselves, are insufficient to establish governmental liability on a theory that Defendant

Burke's constitutional violations were caused by a widespread practice of violating Jail policy

with respect to incoming legal mail. Although Plaintiff also alleges that jail officials were aware

of the first and second incidents in which Defendant Burke opened his legal mail and took no

effective action to prevent additional violations, those additional allegations alone do not

establish a widespread practice.

The undersigned recognizes, however, that Plaintiff has been prevented from introducing

evidence in support of his claim against the governmental defendant by the Defendants' default.

A plaintiff should not be precluded from proving a defendant's liability by virtue of the

defendant's default. Accordingly, although Plaintiff's allegations alone, accepted as though they

had been admitted by the Defendants, do not establish liability on the part of Franklin County

Sheriff's Office Main Jail 1, the Court must afford Plaintiff the opportunity to supplement his

allegations with evidence of a practice at the jail of opening prisoner legal mail outside the

prisoners' presence that had become so widespread as to have become a custom with the force of

law.

## B.     Plaintiff's Entitlement to Relief

A default judgment, "establishes only defendant's liability; plaintiff must still establish

the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation

omitted). "'Even when a default judgment is warranted based on a party's failure to defend, the

allegations in the complaint with respect to the amount of damages are not deemed true[; t]he

district court must instead conduct an inquiry to ascertain the amount of damages with

reasonable certainty.'" *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The court

need not conduct a hearing. *Id.* Some evidence must support the amount of damages awarded,

however. *See*, *e.g.*, *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Plaintiff has requested both monetary damages and equitable relief. He has established

that he is entitled to declaratory judgment that Defendant Burke violated rights guaranteed to him

by the First Amendment by opening his legal mail outside his presence. He is also entitled to injunctive relief to prevent future such violations by Defendant Burke. If Plaintiff is able to establish liability on the part of the Franklin County Sheriff's Office Main Jail 1, he may be entitled to similar equitable relief from that defendant.

## C.     Disposition

For the reasons set forth above, it is **RECOMMENDED** that the Court find that Plaintiff is entitled to judgment of liability against Defendant Burke. Because Plaintiff must supplement the record with affidavits or other documentary evidence to support his claim against Franklin County Sheriff's Office Main Jail 1 and his request for damages, the undersigned further **RECOMMENDS** that the Court order Plaintiff to submit his damages evidence within thirty days and advise Plaintiff that this evidence must document his damages with as much specificity as possible, and, where monetary specificity is not possible, must identify the nature of any injury to Plaintiff with specificity.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE