UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICO ISAIH HAIRSTON,

    Plaintiff,

v.

FRANKLIN COUNTY SHERIFF'S
OFFICE CENTER 1 MAIN JAIL, *et al.*,

    Defendant.

Case No. 2:17-cv-581
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's *November 28, 2018 Report and Recommendation* (ECF No. 73) addressing Plaintiff Rico Isaih Hairston's ("Hairston") *Motion for Summary Judgment* (ECF No. 66). Also before the Court are Hairston's *Objection to the Report and Recommendation* (ECF No. 74), Defendants Franklin County Sherriff's Office Center 1 Main Jail (the "FCSO") and Deputy Debra Burke's ("Deputy Burke") (collectively "Defendants") *Response in Opposition to Plaintiff's Objection* (ECF No. 75) and Hairston's *Reply and Motion to Strike*. (ECF No. 76).

For the reasons below, the Court **OVERRULES** Hairston's *Objection* (ECF No. 74) and **ADOPTS** the *November 28, 2018 Report and Recommendation.* (ECF No. 73), thereby **GRANTING in PART and DENYING in PART** Hairston's *Motion for Summary Judgment.* (ECF No. 66). The Court **DENIES as MOOT** Hairston's *Motion to Strike.* (ECF No. 76).

**I.**

At all relevant times, Hairston was being held at correctional facilities maintained by the FCSO. Hairston, proceeding without the assistance of counsel, brought this civil rights action under 42 U.S.C. § 1983 against FCSO and three county employees. Hairston alleges that FCSO

employees opened his legal mail outside his presence on three occasions: May 12, 2017; June 15, 2017; and June 21, 2017. Pl.'s Statement (ECF No. 72).

Sergeant Karen Johnson ("Sgt. Johnson") investigated Hairston's allegations. *See* Johnson Report (ECF No. 72, PAGEID #454–462). Sgt Johnson photographed the envelopes Hairston alleged were already opened when he received them, and she noted that all the envelopes were sent from the "Office of the Clerk, United States District Court, Southern District." *Id.* The FSCO determined that Deputy Burke had opened Hairston's legal mail outside of his presence. Thereafter, Sergeant Christina McDowell ("Sgt. McDowell") orally reprimanded Deputy Burke, explaining that the FCSO's policy prohibits opening legal mail outside the presence of an inmate to whom it was addressed. *Id.* at PAGEID #460; McDowell Statement (ECF No. 72, PAGEID #469).

Deputy Burke offers conflicting reasons for opening Hairston's legal mail. Regarding the May 12th and June 15th incidents, Deputy Burke told Sgt. Johnson: "I do not recall any of the specifics of this day, but allegedly, I opened legal mail for a Rico Hairston. I apologize profusely for any error made and will pay closer attention to opeing (sic) mail moving forward." Johnson Report at PAGEID #460. Regarding the June 21st incident, Deputy Burke explained: "It has been stated that I opened legal mail for Rico Hairston but I do not recall doing so. If I did, it was in error. I apologize for any inconvenience and will be more attentive in the future." *Id.* at PAGEID #461. During Deputy Burke's oral reprimand by Sgt. McDowell, however, "Burke stated that she did in fact open up the legal mail because it came from a court system. She went on to say that she was taught on her initial job training that it was a matter of public record and not subject to client confidentiality so it was to be opened and searched." McDowell Statement (ECF No. 72, PAGEID #469). Further, Deputy Burke informed Sgt. McDowell that

2

"she had opened such mail in the past on numerous occasions. She further went on to say that other [officers] handled such legal mail in the same manner and they should be notified also, to make sure it did not re-occur, as she was not the only one trained in such a manner from Deputy staff when she started her position." *Id.*

On June 16, 2017, Sgt. McDowell sent an email to correctional facility staff members, emphasizing that legal mail, regardless of whether it came from an attorney or a court system, may not be opened except by deputy staff in front of the inmate to whom it is addressed. Email (ECF No. 72, PAGEID #470). Deputy Burke received this email, which predated Deputy Burke opening Hairston's legal mail on June 21, 2017. *Id.*

Based on these incidents, Hairston filed suit against the FCSO and Deputy Burke. Thereafter, Hairston moved for summary judgment on all counts. The Magistrate Judge issued a Report, recommending that this Court grant Hairston summary judgment against Deputy Burke for the June 21st incident and deny summary judgment to Hairston regarding the claims against Deputy Burke and the FCSO related to the May 12th and June 15th incidents because undisputed facts exist regarding the FCSO's widespread practice of opening legal mail. *See November 28, 2018 Report and Recommendation.* (ECF No. 73). Hairston objects to the Magistrate Judge's recommendation to deny summary judgment on claims related to the first two incidents.

**II.**

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

3

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

**III.**

Hairston objects to the Magistrate Judge's conclusion that a question of fact exists as to whether the FCSO had a policy of opening prisoners' legal mail outside of their presence. In his view, Hairston proved that the FCSO had such a policy because officials unlawfully opened his legal mail three times.

As the Magistrate Judge correctly held, a county cannot be held liable under section 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 442 (6th Cir 2000). For liability to attach on a county, a constitutional tort must result from an employee or agent executing a county policy or custom. *Id.* at 694. While Hairston has proved that Deputy Burke deprived him of his constitutional right on three occasions, he has not established the FCSO's policy or custom for opening prisoners' legal mail.

Under *Gregory*, there are two ways a plaintiff can establish an unconstitutional governmental policy. First, by identifying a government official with final policymaking authority who approved the action alleged to have caused the violation. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784–85 (1997). Second, by identifying "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker … on the theory that the relevant practice is so widespread as to have the force of law." *Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (citing *Monell*, 436 U.S. at 690–91). Hairston relies on the latter and argues that the three instances when Deputy Burke opened his legal mail outside of his presence illustrate that the FCSO had a policy of deliberate conduct. Those three allegations are not enough, however, because "[a] custom … must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cty.,*

*Tenn.*, 103 F.3d 495, 507–08 (6th Cir. 1996) (quotation marks omitted). Here, it is unclear whether the FCSO had a well-settled custom. While Deputy Burke's report to Sgt. McDowell is evidence of a widespread practice that violate prisoners' First Amendment rights, the FCSO's policy as reported by Sgt. McDowell suggests that Deputy Burke defied that policy. Therefore, as the Magistrate Judge correctly found, the Court cannot yet decide Hairston's claims against the FCSO until the fact-finder resolves the discrepancy between the FCSO's policy as reported by Sgt. McDowell and the employee training as reported by Deputy Burke. Accordingly, the Court overrules Hairston's objection to the Magistrate Judge's Report and Recommendation.

Hairston also argues that the Magistrate Judge erred by applying *Gregory* instead of *City of Canton v. Harris*, 489 U.S. 378 (1989). In *City of Canton*, the Supreme Court extended section 1983 liability to municipalities that are deliberately indifferent to training officials. *Id.* To succeed under *City of Canton*, Hairston must first establish specific training deficiencies by the FCSO. *Id.* at 390. He has not yet done so because there is still a dispute over the FCSO's training procedures. Therefore, his claims also fail under this "failure to train" theory. Accordingly, the Court also overrules Hairston's objection on these grounds.

## IV.

In conclusion, the Court **OVERRULES** Hairston's *Objection* (ECF No. 74) and **ADOPTS** the *November 28, 2018 Report and Recommendation* (ECF No. 73), thereby **GRANTING in PART and DENYING in PART** Hairston's *Motion for Summary Judgment*. (ECF No. 66). The Court **DENIES as MOOT** Hairston's *Motion to Strike*. (ECF No. 76).

**IT IS SO ORDERED.**

3-21-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6